IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>    Plaintiff,<br><br>vs.<br><br>C. CHEN,<br><br>    Defendant.<br>_____/ | CASE No.   1:12-cv-00326-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE AN ADDENDUM TO COMPLAINT<br><br>(ECF No. 6) |

## I.   PROCEDURAL HISTORY

Plaintiff Sy Lee Castle is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on March 5, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (Consent Magistrate, ECF No. 5.) The Court has not yet screened Plaintiff's Complaint.

On November 15, 2012, Plaintiff filed a Request to File an Addendum to the Complaint to add various proposed exhibits. (Mot. to File Addendum, ECF No. 6.) That motion is now before the Court.

## II.   APPLICABLE LAW

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is

served. Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ . P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires." <u>Amerisource Bergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a). Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220.

### III. ANALYSIS

Here, Plaintiff asks to file an amendment to his underlying pleading to include exhibits he feels should have been filed with his original complaint. No responsive pleading or motion has been filed in this matter. Plaintiff, at the present time, is not required to seek leave of the Court in order to file an amended complaint **provided it complies with the requirements noted below.**

Plaintiff's Motion to File an Addendum to the Complaint is deficient primarily because it does not include a pleading **complete in and of itself** but instead is dependent upon his original pleading.

Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 1949–50. A supplemental pleading may not "supplement" as to events occurring prior to the date of the complaint. Fed. R. Civ. P 15(d).

1  Plaintiff has filed with the Court a Complaint and also an addendum with
2 proposed exhibits. The addendum is not a complete pleading. Moreover, exhibits need
3 not, and rarely should be, made part of the complaint. They may not, in any event, be
4 filed separately as Plaintiff proposes to do.     "The court cannot serve as a repository
5 for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The
6 parties may not file evidence with the court until the course of litigation brings the
7 evidence into question (for example, on a motion for summary judgment, at trial, or
8 when requested by the court)." (First Informational Order, ECF No. 3 at 4:2-6.)

## IV. ORDER

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that Plaintiff's Motion to File an Addendum to the Complaint (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated:   November 28, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE