# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>   Plaintiff,<br><br>   v.<br><br>C. CHEN,<br><br>   Defendant. | Case No.  1:12-cv-00326-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 17) |

Plaintiff Sy Lee Castle, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 5, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on the complaint on claims of inadequate medical care and retaliation against Defendant Chen. (ECF Nos. 8, 12.)

Pending before the Court is Plaintiff's motion for appointment of counsel which asserts as grounds his permanent mobility impairment affecting his handwriting, multiple medications and inability to afford and to retain counsel. (ECF No. 17.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

1 States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).")

In the present case, the Court does not find the required exceptional circumstances. The Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The alleged medical indifference and retaliation claims do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any extensive investigation and discovery.

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues

and standards and an ability to express same adequately in writing.

Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel based upon attempts to date.

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel (ECF No. 17) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   July 23, 2013                          /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE

3