# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. CHEN,<br><br>　　　　Defendants. | Case No. 1:12-cv-00326-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR (1) RECONSIDERATION, and (2) ENTRY OF DEFAULT JUDGMENT**<br><br>**(ECF No. 19)** |

**I.　PROCEDURAL HISTORY**

Plaintiff Sy Lee Castle, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 5, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds against Defendant Chen on claims of inadequate medical care and retaliation. (ECF Nos. 8, 12.)

Pending before the Court is Plaintiff's motion (ECF No. 19) seeking (1) reconsideration of the Court's order (ECF No. 16) granting Defendant a nunc pro tunc extension of time through September 13, 2013 in which to respond to the complaint, and (2) entry of default judgment against Defendant for failure to respond to the pleading.

**II.　ARGUMENT**

Plaintiff argues that Defendant failed to timely respond to the complaint. The Court's order (ECF No. 16) granting Defendant an extension of time to respond to the complaint should be reconsidered and default judgment should be entered against Defendant.

1

## III. ANALYSIS

### A. Reconsideration

Fed. R. Civ. P. 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision," United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff provides no argument and makes no factual showing in support of his motion for reconsideration of the Court's Order granting Defendant an extension of time to respond to the complaint. He has not identified any newly discovered evidence, clear error, or intervening change in the controlling law that would warrant reconsideration. Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.

### B. Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment

after default has been entered by the Clerk of the Court.

When considering whether to enter a default judgment, a court should consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Al– Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir.1996); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1989). "[T]he general rule disfavors default judgments. Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.

Defendant is not in default because the time to respond to the complaint has been extended retroactively (i.e., nunc pro tunc) through September 13, 2013. Plaintiff is not presently entitled to default judgment.

**IV.    ORDER**

Accordingly, for the reasons stated above, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 19) of the Court's order granting Defendant nunc pro tunc extension of time through September 13, 2013 to respond to the complaint (ECF No.16) is DENIED; and
2. Plaintiff's motion for entry of default judgment (ECF No. 19) against Defendant is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   July 31, 2013                                /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE

3