# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>        Plaintiff,<br><br>  v.<br><br>C. CHEN,<br><br>        Defendant. | Case No. 1:12-cv-00326-LJO-MJS<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT, and (2) STRIKING LODGED SECOND AMENDED COMPLAINT**<br><br>**(ECF Nos. 32, 33)** |

Plaintiff Sy Lee Castle is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Chen on claims of inadequate medical care and retaliation. The case is in the discovery phase. The deadline to amend pleadings is April 1, 2014.

Before the Court is Plaintiff's Motion to Exceed Page Limit to Add a Defendant in the lodged Second Amended Complaint. (ECF Nos. 32, 33.) Defendant has not filed opposition to the Motion, and the time for doing so has passed. Local Rule 230(*l*).

The Court construes this Motion as also seeking leave to file the concurrently lodged Second Amended Complaint. So construed, the Motion shall be denied without prejudice to Plaintiff seeking appropriate relief in the manner described below.

A party may amend his pleading where, as here, a responsive pleading has been

1

filed, only upon written consent of the adverse party or leave of the Court. Fed. R. Civ. P. 15(a). Such leave to amend shall be freely given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a).

"In determining whether to grant leave to amend, the court considers five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D. Cal. 2010), citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Once a responsive pleading has been served, a motion to add a new party is within the discretion of court. Boyd v. District of Columbia, 465 F.Supp.2d 1, 3 (D.D.C. 2006).

Here, Plaintiff lodged the Second Amended Complaint without consent of Defendant or the Court. The Second Amended Complaint is unauthorized and shall be stricken.

Plaintiff's instant filing is not a proper motion to amend. The Motion does not state any grounds in support of the relief sought. Fed. R. Civ. P. 7(b)(1); see Confederate Memorial Ass'n, Inc., v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) (request to amend must indicate particular grounds on which amendment is sought). Moreover, the Motion on its face does not clearly give notice of the nature and extent of relief sought.

If Plaintiff wishes to file an amended pleading, he may move the Court for permission to do so. He must file a proper motion and set forth grounds in support, that is, the reasons why he seeks relief and why he believes he is entitled to it. Plaintiff should state in the motion what changes he purports to make by way of the new pleading, why they are important to Plaintiff's case, when Plaintiff learned of the need to amend, and whether or not the proposed changes will prejudice the Defendant(s).

Accordingly, and for the reasons, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Exceed Page Limit to Add a new Defendant (ECF No.33) is DENIED without prejudice, and

2. The lodged Second Amended Complaint (ECF No. 32) shall be STRICKEN from the record.

IT IS SO ORDERED.

Dated:   February 12, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE