# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY CASTLE,<br><br>          Plaintiff,<br><br>     v.<br><br>C. CHEN,<br><br>          Defendant. | Case No. 1:12-cv-00326-LJO-MJS (PC)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE, and (2) DENYING PLAINTIFF'S MOTION TO COMPEL PHYSICAL AND MENTAL EXAMINATION**<br><br>**(ECF Nos. 50 & 51)**<br><br><u>**AMENDED**</u>**:**<br>  **DISCOVERY DEADLINE-**<br>  **August 1, 2014**<br><br>  **DISPOSITIVE MOTION DEADLINE-**<br>  **October 6, 2014** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Chen on claims of inadequate medical care and retaliation.

1

The current deadline to complete discovery in this case is June 1, 2014. The dispositive motion deadline is August 11, 2014.

Before the Court are Plaintiff's June 2, 2014 motions to (1) extend the discovery deadline to August 1, 2014, and (2) compel an independent physical and mental examination of Plaintiff.

Plaintiff supports his request for a discovery extension by alleging that Defendant delayed in responding to Plaintiff's requests for admissions and interrogatories; that he suffers from chronic health problems that limit his ability to access to the law library to research and prepare motions; and, that Defendant has stated he did not oppose the discovery extension. Based thereon, the Court finds good cause to extend the discovery deadline to August 1, 2014, and, accordingly, to also extend the dispositive motion deadline to October 6, 2014.

However, Plaintiff's request under Rule 35 for his own physical and mental examination shall be denied. A party may not use Rule 35 to obtain appointment of an expert to perform an examination on him; Rule 35 only authorizes the court to order an examination at the behest of another party. See *Smith v. Carroll*, 602 F.Supp.2d 521, 525-26 (D. Del. 2009) (no civil litigant, even if indigent, has a right under the rule to a medical examination or to appointment of an expert to conduct such examination), in accord see *Brown v. U.S.*, 74 Fed.Appx. 611, 614 (7th Cir. 2003). Even if an independent medical examination were procedurally proper, Plaintiff does not allege facts demonstrating how and why such an examination might be relevant to his claims. His current physical and mental condition do not appear to be in controversy in this action.[1] See *Hardy v. Riser*, 309 F.Supp. 1234, 1241, (N.D. Miss. 1970) (even where "good cause" and "in controversy" requirements of Rule 35 are met, whether to order independent examination remains in the

---

[1] The Court takes judicial notice of Plaintiff's Complaint (ECF No. 1).

court's sound discretion).

 Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1.  Plaintiff's motion to extend the discovery cut-off date (ECF No. 50) is GRANTED such that the discovery deadline is August 1, 2014 and the dispositive motion deadline is October 6, 2014 and the Discovery and Scheduling Order (ECF No. 24) is amended accordingly, and

2.  Plaintiff's motion for a physical and mental examination (ECF No. 51) is DENIED.

IT IS SO ORDERED.

Dated:   June 5, 2014       /s/ *Michael J. Seng*
                     UNITED STATES MAGISTRATE JUDGE