UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY LEE CASTLE,<br><br>        Plaintiff,<br><br>   v.<br><br>C. CHEN,<br><br>        Defendants. | Case No. 1:12-cv-00326-LJO-MJS (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>**<u>AMENDED</u>:**<br><br>  **DISPOSITIVE MOTION DEADLINE-**<br><br>  **November 26, 2014** |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Sheila K. Oberto to conduct a settlement conference at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #7 on September 22, 2014 at 10:00 a.m.

      A separate order and writ of habeas corpus ad testificandum will issue concurrently with this Order.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.    This case is set for a settlement conference before Magistrate Judge Sheila K. Oberto on September 22, 2014 at 10:00 a.m. at the U. S. District

1

Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #7.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this Order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a confidential settlement statement to Sujean Park, ADR Division, 501 I Street, Suite 4-200, Sacramento, California 95814, or by email to spark@caed.uscourts.gov so they arrive no later than September 15, 2014 and file a Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, *Pitman v. Brinker Int'l., Inc.*, 2003 WL 23353478 (D. Ariz. _____2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.,* 270 F.3d 590, 596-97 (8th Cir. 2001).

2

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a.    A brief statement of the facts of the case.

    b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.    A summary of the proceedings to date.

    d.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e.    The relief sought.

    f.    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g.    A brief statement of each party's expectations and goals for the settlement conference.

5.    In light of the settlement conference now scheduled for September 22, 2014, the current dispositive motion deadline of October 6, 2014 (ECF No. 56) is extended to November 24, 2014.

IT IS SO ORDERED.

Dated:   July 24, 2014          /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28